Ike ISAACS and L. R. Baxter, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 47683 and 47684.

Court of Criminal Appeals of Texas.

March 6, 1974.

George T. Thomas, Big Spring, Gerald K. Fugit, Odessa, for appellants.

Robert W. Gage, County Atty., Fairfield, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from judgments forfeiting bail bonds.

Appellants and the State have joined together in motions to this Court praying that the appeals in these causes be dismissed and that they be remanded to the trial court for the purpose of entering compromise settlements and agreements in accordance with the settlements agreed upon by the parties hereto.

Article 44.44, Vernon's Ann.C.C.P., provides that where an appeal is taken in bond forfeiture cases such "proceedings shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out." See Butler v. State, Tex.Cr.App., 481 S.W.2d 907.

■ Where the parties to a cause (civil) on appeal, through a joint motion, ask that the cause be dismissed and remanded to the trial court for the purpose of entering an agreed judgment and settlement, such motion shall be granted and the appeal dismissed. See Travelers Insurance Company v. Sturrock, 348 S.W.2d 683 (Tex.Civ. App.); Rule 387a, Vernon's Annotated Texas Rules of Civil Procedure.

■ Such motion is granted; the appeals are dismissed and the causes are remanded to the 87th Judicial District Court of Freestone County for entry of a proper judgment on the compromise settlement agreement.